*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

Nos. 24-FM-0605 & 24-FM-0610

CHRISTOPHER HERSHEY, APPELLANT/CROSS-APPELLEE,

v.

REBECCA HERSHEY, APPELLEE/CROSS-APPELLANT.

Appeals from the Superior Court
of the District of Columbia
(2019-DRB-004468)

(Hon. Kenia Seoane Lopez, Trial Judge)

(Submitted March 11, 2025                          Decided August 7, 2025)

*Laurence L. Socci* was on the brief for appellant/cross-appellee.

*Rebekah Sullivan* was on the brief for appellee/cross-appellant.

Before EASTERLY, MCLEESE, and HOWARD, *Associate Judges*.

MCLEESE, *Associate Judge*: Dr. Christopher Hershey and Ms. Rebecca Hershey filed cross-appeals after the trial court issued a permanent child-support order requiring Dr. Hershey to pay $3,817.28 per month in child support to Ms. Hershey. We affirm in part, vacate in part, and remand for further proceedings.

## I. Factual and Procedural Background

The following facts appear to be undisputed. Ms. Hershey and Dr. Hershey, who are divorced, have three minor children together. The children reside full-time with Ms. Hershey. In connection with their divorce proceeding, Ms. Hershey and Dr. Hershey reached an agreement as to child support. The amount of child support reflected in the agreement was calculated based on a formula set forth in *Holland v. Holland*, No. 2010 DRB 3062 (D.C. Super. Ct. July 19, 2012). That formula is applicable where, as in the present case, the parents' combined adjusted gross income exceeds $240,000. *Builta v. Guzmán*, 324 A.3d 269, 276-77 (D.C. 2024). Under that formula, the total amount of child support needed would be determined by multiplying the amount of the parents' combined adjusted gross income over $240,000 by 13.29% (where two children were involved). *Id.* The amount of any child-support payment from one parent to the other would then be determined based on the parents' respective adjusted gross incomes. *See id.* at 281.

In the present case, the child-support agreement, which was incorporated into a final child-support order, required Dr. Hershey to make a monthly child-support payment of $3,378.08.

The parties subsequently filed multiple motions for various forms of relief. Of relevance to this appeal, Dr. Hershey filed a motion to modify the amount of child

support based on an alleged change in income. Ms. Hershey filed a motion to compel discovery and for sanctions based on Dr. Hershey's alleged failure to supplement deficient discovery responses.

After holding a show-cause hearing, the trial court issued a written order in January 2024. First, after hearing testimony from both parties, the court found that the parties' annual incomes had changed since the agreement was entered, so the court issued a temporary child-support order that reduced Dr. Hershey's monthly payment. The trial court also scheduled a status hearing to further resolve the motion to modify child support. Second, the trial court granted some of Ms. Hershey's requests to compel production and denied others as moot. Third, the trial court found Dr. Hershey in contempt for failure to make child-support payments. The court denied Ms. Hershey's request for sanctions.

The parties filed numerous motions thereafter, including motions alleging discovery violations, seeking findings of contempt, and requesting sanctions.

At a subsequent hearing, the trial court ordered both parties to produce financial documents and set a date for a financial-review hearing so that a permanent support order could be determined based on the parties' current financial situations. The court also renewed the temporary support order and denied Dr. Hershey's motion to modify support as moot.

Ms. Hershey filed an additional motion for contempt and sanctions, alleging that Dr. Hershey had not produced the discovery ordered in the hearing and requesting attorney's fees and costs. Dr. Hershey also filed two motions alleging that Ms. Hershey had not complied with discovery requirements, asking the court to compel discovery, and requesting sanctions. In a May 7, 2024, order, the court denied all of the motions except for Ms. Hershey's last motion for contempt. With respect to the last motion, the trial court directed Dr. Hershey to provide ordered financial documentation to Ms. Hershey and to bring the information to the May 28, 2024, financial-review hearing.

During the May 28, 2024, financial-review hearing, Ms. Hershey submitted a calculation of child support that the court used as a basis for its determination. It was undisputed that the parties' joint income exceeded the threshold at which the statutory child-support guidelines presumptively apply. *See* D.C. Code § 16-916.01(h) (Guidelines do not presumptively apply if parents' combined adjusted gross income exceeds $240,000 per year). In such cases, "the trial court has a considerable measure of discretion in determining the level of child support." *Builta*, 324 A.3d at 275 (internal quotation marks omitted).

The calculation presented by Ms. Hershey noted that the figures were "[e]xtrapolated at 13.29% for 3 kids per *Holland*." The trial court observed that,

according to Ms. Hershey's calculation, Ms. Hershey's total income was $225,315 and Dr. Hershey's total income was $243,615.40. Also according to Ms. Hershey's calculation, those figures would result in Dr. Hershey paying $4,603.31 monthly. The court further noted that Ms. Hershey's payments of $8,167.90 for health insurance, $14,016.50 in childcare expenses, and $6,000 for "extraordinary medical expenses" were included in the calculation as adjustments.

Dr. Hershey objected to the calculation in certain respects, claiming that his income amount was incorrect. Dr. Hershey confirmed that, in addition to his salary of $153,354, he received a nontaxable monthly veteran's benefit payment of $4,513.07. Ms. Hershey argued that the veteran's benefit payment should be "grossed up" to $7,521.78 per month because "non-taxed income needs to be considered as if it were taxed at a grossed-up amount." *See* D.C. Code § 16-916.01(d)(1)(X) (for purposes of calculating child support, gross income includes "[t]axes paid on a party's income by an employer or, if the income is nontaxable, the amount of taxes that would be paid if the income were taxable").

The trial court declined to use the higher figure because the payment at issue was not actually taxed and, because the parties' income exceeded the statutory guideline cutoff, the statute did not apply. The court found that Dr. Hershey received $4,513.07 per month for his veteran's benefit payment, which made his total income

$207,510.84 rather than the higher figure that Ms. Hershey initially presented to the court. During this discussion, Ms. Hershey stated that the parties and the court were using the *Holland* formula to calculate child support.

While working through the expenses that Ms. Hershey paid for the three children, the trial court asked Ms. Hershey to explain the costs for health insurance and childcare. The trial court did not ask about the $6,000 figure for extraordinary medical expenses, Dr. Hershey did not specifically object to the latter figure, and Ms. Hershey did not proffer further information about the figure.

Ms. Hershey informed the trial court that she had previously provided an offer of judgment to Dr. Hershey that he did not accept, agreeing to allow Dr. Hershey to modify his child-support obligation to $3,087 per month. Ms. Hershey requested attorney's fees pursuant to Super. Ct. Dom. Rel. R. 68 because Ms. Hershey was going to recover a child-support award higher than what she had offered to Dr. Hershey. The trial court denied the request for attorney's fees, stating that it was "not giving attorney[']s[] fees" and "did[ not] tell anybody to offer any judgment."

Ms. Hershey also requested attorney's fees because "[t]he motion to modify child support never should have been filed." The trial court denied the request because it believed that the motion to modify had been granted. The trial court also

warned both parties that it was "going to be very difficult for [the parties] to get attorney's fees from [the court] going forward."

The trial court orally ordered Dr. Hershey to pay $4,057.28 monthly for child-support payments. The trial court also denied Ms. Hershey's outstanding motion for contempt, without providing an explanation for its ruling.

In its June 2024 written order, the trial court ordered that Dr. Hershey pay $3,817.28 per month for child support. The trial court explained that it did not "gross up" Dr. Hershey's veteran's benefit payment because, pursuant to D.C. Code § 16-916.01(h), the guidelines for child support did not apply, given that the parties' combined income exceeded $240,000, so the trial court had discretion as to the amount of child support. The trial court exercised its discretion to decline to gross up the payment because it was undisputed that Dr. Hershey only received $4,513.07 per month for the veteran's benefit payment and did not pay taxes on the payment.

The trial court next explained that Ms. Hershey's child-support calculation included a $6,000 figure for extraordinary medical expenses, but the trial court declined to include this figure in the final support order because the trial court "did not receive any additional evidence or testimony" to prove that expense.

The trial court explained that it was relying on the *Holland* formula to reach the monthly support amount and stated that this calculation was "reasonable" so there was "no reason to deviate from" it.

Finally, the trial court denied Ms. Hershey's last motion for contempt as moot because "the [c]ourt was provided enough testimony and information by both parties to enter a permanent support order."

## II. Analysis

### A. Use of the *Holland* Formula

Dr. Hershey argues that the trial court abused its discretion by relying on the *Holland* formula to calculate the amount of child support owed. We disagree.

D.C. Code § 16-916.01 provides presumptive guidelines to determine child-support awards. *Builta*, 324 A.3d at 274 & n.5. When the parents' combined adjusted gross income exceeds $240,000 per year, the guidelines are no longer presumptive, and the trial court has discretion to order child support above the highest guideline amount "after determining the reasonable needs of the child based on actual family experience." D.C. Code § 16-916.01(h). "[T]he trial court has a considerable measure of discretion in determining the level of child support." *Builta*, 324 A.3d at 275 (internal quotation marks omitted).

In *Builta*, this court approved the use of the *Holland* method—"[a] discretionary [calculation] method involving principled extrapolation [that] has gained acceptance in Superior Court for use in determining the appropriate amount of the basic child support obligation when the parents' combined [adjusted gross income] exceeds" the mandatory child support guidelines—to aid trial courts with determining child support awards. 324 A.3d at 276. The court in *Builta* described the method as "frequently useful and appropriate in determining parents' basic child support obligation." *Id.* at 277. The court, however, also cautioned that the method's "utility in a particular case may be outweighed or qualified by other considerations of the child's reasonable needs and the overall family situation." *Id.*

We see nothing to suggest that the trial court abused its discretion in the current case by relying on the *Holland* method to calculate Dr. Hershey's child-support obligation. Consistent with Section 16-916.01(h), the trial court went through both parties' income and assessed additional expenses that the children needed, such as health insurance and childcare, finding that the costs for both were "reasonable." The trial court further found that Dr. Hershey and Ms. Hershey earn roughly the same income, but because Ms. Hershey paid "for all of the expenses relating to the children," including their health care, childcare, living expenses, housing, and other necessities, it was necessary for Dr. Hershey to make a monthly payment to Ms. Hershey. Relying on those findings, the court used the *Holland*

formula to produce a monthly support amount, which the court determined was "reasonable" and therefore did not "see[ a] reason to deviate from [the] calculation." Thus, the trial court "exercise[d its] discretion . . . after determining the reasonable needs of the child[ren] based on actual family experience." D.C. Code § 16-916.01(h). Further, there is nothing to suggest that there are "other considerations" that would "outweigh[]" the use of the *Holland* formula in the present case, and Dr. Hershey does not raise any. *Builta*, 324 A.3d at 277. Accordingly, we see no reason to disturb the trial court's use of the *Holland* formula.

To the extent that Dr. Hershey argues that the trial court abused its discretion because there was no notice that the court would use the *Holland* formula to calculate the child-support payment, we see no basis to reverse the award on this ground. Dr. Hershey had notice that the *Holland* method could be employed because the temporary child-support order that Dr. Hershey agreed to relied on the *Holland* formula. Moreover, during the May 28, 2024, financial-review hearing, the trial court used Ms. Hershey's calculation as a starting point, and Ms. Hershey had stated that the calculation was based on the *Holland* formula.

## B. Application of D.C. Code § 16-916.01(d)(1)(X)

Ms. Hershey argues that the trial court erred by not properly computing Dr. Hershey's gross income, which necessarily included "grossing up" his non-taxed veteran's benefit payment pursuant to D.C. Code § 16-916.01(d)(1)(X). We agree.

Although we review child-support calculation determinations for abuse of discretion, *Sanders v. Sanders*, 602 A.2d 663, 665 (D.C. 1992), we review questions of statutory interpretation de novo, *E.C. v. RCM of Washington, Inc.*, 92 A.3d 305, 313 (D.C. 2014).

Under D.C. Code § 16-916.01(e), the trial court "shall determine each parent's adjusted gross income by making the additions to and deductions from gross income specified in [Section 16-916.01](d)" before calculating a party's child-support obligation. *See id.* § 16-916.01(f)(1) (first step in calculating child-support obligation is "[d]etermin[ing] each parent's adjusted gross income"). Section 16-916.01(d)(1) provides numerous categories that are included in "gross income." One category is "[t]axes paid on a party's income by an employer or, if the income is nontaxable, the amount of taxes that would be paid if the income were taxable." *Id.* § 16-916.01(d)(1)(X).

Dr. Hershey argues that Section 16-916.01(d)(1)(X) only applies to income from an employer, but we conclude that such a reading of the provision would not be reasonable. Subsection (d)(1)(X) applies in two distinct circumstances: (1) to "[t]axes paid . . . by an employer"; and (2) to "the amount of taxes that would be paid" "if the income is nontaxable." D.C. Code § 16-916.01(d)(1)(X). The latter option is not by its terms limited to income from an employer. We also see no logical reason to limit the provision to income from an employer. The clear point of the provision is to reflect the practical additional value of non-taxable income. Limiting the provision to non-taxable income only if it is received from an employer would broadly frustrate that apparent purpose. *See, generally, e.g.*, *Browne v. United States*, 332 A.3d 512, 516 (D.C. 2025) (When interpreting statutes, court "consider[s] statutory context and structure, evident legislative purpose, and the potential consequences of adopting a given interpretation.") (internal quotation marks omitted).

We therefore hold that the trial court must calculate "the amount of taxes that would be paid" for any nontaxable income, including veteran's benefits, that will be included in "gross income" for child support calculations. D.C. Code § 16-916.01(d)(1)(X); *see also id.* § 16-916.01(d)(1)(I) (listing "[v]eteran's benefits" as source for gross income calculation).

Dr. Hershey also suggests that, consistent with the trial court's ruling, Subsection (d)(1)(X) does not apply here because the guidelines are not presumptive given that Dr. Hershey and Ms. Hershey's combined income exceeds $240,000. *See* D.C. Code § 16-916.01(h). We disagree. The provisions just discussed make clear that even in cases where the parents' adjusted gross income exceeds $240,000, the trial court generally must first calculate the adjusted gross income correctly before making a discretionary decision about how much child support to award. *Cf., e.g.*, *Ford v. Castillo*, 98 A.3d 962, 965-67 (D.C. 2014) (holding trial court erred in not counting expenses paid pursuant to Section 16-916.01(d)(4) for parents who earned more than $240,000).

It is undisputed that Dr. Hershey's veteran's benefit is not taxed, so under the plain language of Subsection (d)(1)(X), the trial court should have calculated "the amount of taxes that would be paid" for the monthly veteran's benefit when calculating Dr. Hershey's gross income. Accordingly, we vacate the permanent support order and remand the case for further proceedings.

## C. Extraordinary Medical Expenses

Ms. Hershey argues that the trial court erred by striking the $6,000 extraordinary medical expense from the final child-support calculation after

including the expense in the calculations during the financial-review hearing. We agree that the trial court acted outside the scope of its discretion on this point.

During the financial-review hearing, Ms. Hershey presented her calculation to Dr. Hershey and the court, and that calculation included a $6,000 line item for extraordinary medical expenses. The trial court noted that the expense was included in the calculation and never asked for any further details about the expense. Dr. Hershey did not specifically object to the expense at any point during the hearing.

Ms. Hershey claims that, at the hearing, the trial court provided the parties with a docketed child-support calculation reflecting the $6,000 expense and orally ordered child support in an amount ($4,057.28 per month) reflecting inclusion of the expense. Ms. Hershey also claims that evidence supporting the expense had been introduced at previous hearings and in previous filings. Finally, Ms. Hershey objects that the trial court removed the expense from its final child-support amount in the written order, thereby reducing the child-support award to $3,817.28 per month, saying only that "the [c]ourt did not receive any additional evidence or testimony" regarding the expense.

Dr. Hershey does not contest any of the foregoing, responding only that Ms. Hershey ought to have introduced evidence to support the expense at the May 28, 2024, hearing if she wanted that expense to be included in the child-support amount.

We conclude that the trial court did not adequately explain in its written order its apparent reversal of its prior oral ruling. *See Hinton v. United States*, 979 A.2d 663, 683 (D.C. 2009) (explaining that a trial court erroneously exercises its discretion where it fails "to exercise its judgment in a rational and informed manner") (internal quotation marks omitted). We therefore remand the child-support award for the trial court to further consider whether to include the $6,000 extraordinary medical expense in the final child-support calculation.

### D. Award of Fees

Finally, Ms. Hershey argues that the trial court erred in not adequately considering her repeated requests for attorney's fees, costs, and sanctions pursuant to various court rules and doctrines. We understand only the following requests to be in front of this court in this appeal: (1) the last written request for sanctions, which the trial court did not rule upon until the June 2024 written order; and (2) Ms. Hershey's oral requests for sanctions at the May 28, 2024, hearing. We agree that the trial court erred in denying those requests without stating an adequate basis for doing so.

"We generally review a trial court's decision to grant or deny a request for fees and costs for abuse of discretion." *Araya v. Keleta*, 65 A.3d 40, 58 (D.C. 2013) (internal quotation marks omitted). "In reviewing for abuse of discretion, we must

determine whether the decision maker failed to consider a relevant factor, whether the decision maker relied upon an improper factor, and whether the reasons given reasonably support the conclusion." *Welch v. United States*, 319 A.3d 971, 975 (D.C. 2024) (brackets and internal quotation marks omitted).

In the last written request for sanctions, Ms. Hershey asked the trial court to hold Dr. Hershey in contempt, arguing that Dr. Hershey had not produced documents that he was specifically ordered to produce, had provided inaccurate information, and had produced non-responsive documents to intimidate and harass Ms. Hershey. In the motion, Ms. Hershey argued that Super. Ct. Dom. Rel. R. 37 required the trial court to order Dr. Hershey "to pay [Ms. Hershey's] reasonable expenses incurred in making the motion [to compel], including attorney's fees." Super. Ct. Dom. Rel. R. 37(a)(5)(A).

In its written order, the trial court denied Ms. Hershey's outstanding motion for contempt as moot because "the [c]ourt was provided enough testimony and information by both parties to enter a permanent support order." The trial court did not mention Super. Ct. Dom. Rel. R. 37, which, in addition to the requirement noted above, gives the trial court the authority to award expenses if a motion to compel was granted in part or if a party fails to comply with a discovery order. Super. Ct. Dom. Rel. R. 37(a)(5)(C), (b)(2)(C). The trial court had previously granted in part

a motion to compel discovery and had ordered Dr. Hershey to produce numerous documents ahead of the financial-review hearing. We hold that the trial court failed to consider, as it was required to do, the specific grounds on which Ms. Hershey requested fees relating to the discovery issues. We therefore remand the case for further consideration of that request.

During the May 28, 2024, hearing, Ms. Hershey requested attorney's fees pursuant to Super. Ct. Dom. Rel. R. 68 because the new child-support award would be less favorable to Dr. Hershey than a prior offer of judgment in the amount of $3,087 per month that Ms. Hershey said that she had provided to Dr. Hershey. *See* Super. Ct. Dom. Rel. R. 68(d) (where party offers judgment, post-offer costs must be awarded to offeror "[i]f the judgment that the offeree finally obtains is not more favorable than the unaccepted offer"); *see also id.* R. 68(e) (costs may include attorney's fees). The trial court orally denied the motion, stating that it was "not doing attorney's fees" and "did[ not] tell anybody to offer any judgment." The trial court did not address this issue in its written order. Here too the trial court failed to adequately address Ms. Hershey's request for fees. We therefore remand for further consideration of Ms. Hershey's request for fees under R. 68.

Finally, after the trial court stated its oral ruling on the merits, Ms. Hershey attempted to argue that attorney's fees should be awarded because Dr. Hershey had

filed frivolous motions, such as the previous motion to modify child support. The trial court denied the request, mistakenly stating that Dr. Hershey's motion to modify child support had been granted when, in actuality, that motion had been denied as moot. Moreover, although there was a temporary reduction in Dr. Hershey's child-support payment, the final result of these proceedings was to increase Dr. Hershey's child-support payment from $3,378.08 per month to $3,817.28 per month. More generally, the trial court stated that it would be "very difficult . . . to get attorney's fees from [the trial court] moving forward" and that to obtain fees a party would have to show that the other party was responsible for the failure of the "reunification therapy" the trial court had ordered.

With respect to this request, we conclude that the trial court's stated reasons were not valid, because one was inaccurate and the other imposed a limitation on the award of fees that was unduly restrictive. We remand for the trial court to exercise its discretion on this issue without relying on invalid reasons.

For the foregoing reasons, we uphold the trial court's use of the *Holland* formula, vacate the permanent child-support order, and remand the case for further proceedings on the issues we have identified.

*So ordered.*